**John S. YATSKO; Samuel H. Moatz, Appellants**

**v.**

**OFFICE OF WORKERS COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR; Shelby Hallmark, In His Official Capacity as Director of the OWCP, U.S. Department of Labor; Peter M. Turic, In His Official Capacity as Director of the Energy Employees Occupational Illness Compensation Program, U.S. Department of Labor, Director of the OWCP.**

**No. 10–2546.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 26, 2011.

Filed: July 22, 2011.

Ruben Honik, Esq., Stephan Matanovic, Esq., Golomb & Honik, Philadelphia, PA, for Appellants.

Richard M. Bernstein, Esq., Nicole R. Mark, Esq., Office of United States Attorney, Philadelphia, PA, Samuel J. Oshinsky, Esq., Office of the Solicitor United States Department of Labor, Washington, DC, for Appellees.

Before: FUENTES, FISHER and NYGAARD, Circuit Judges.

OPINION OF THE COURT

FISHER, Circuit Judge.

John S. Yatsko and Samuel H. Moatz appeal from the final order of the District Court disposing of all claims and denying their request for declaratory and injunctive relief against the Office of Workers Compensation Programs ("OWCP"). They sought to enjoin OWCP from terminating their benefits under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), 42 U.S.C. § 701 *et seq.* For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we set forth only those facts necessary to our analysis.

Yatsko and Moatz are former employees of a beryllium manufacturing facility, NGK Metals Corporation in Reading, Pennsylvania ("Reading Plant"). Both are also residents of the Reading area. Yatsko was diagnosed with a beryllium sensitivity illness on December 22, 2000, later confirmed to be chronic beryllium disease ("CBD"). Yatsko filed a claim for benefits under the EEOICPA with the OWCP, an agency within the Department of Labor tasked with hearing such claims and awarding compensation, and he was awarded benefits in February 2002. Moatz was diagnosed with beryllium sensitivity on March 6, 1998. He filed a claim for benefits, which the OWCP awarded in October 2002.

On June 4, 2003, Yatsko and Moatz joined a suit against several beryllium suppliers and manufacturers, including the Reading Plant, seeking compensation for beryllium-based illnesses. The OWCP found that the suit was a "covered tort case" under the EEOICPA, which violated the terms of their benefits pursuant to 42 U.S.C. § 7385d. They continued their suit, and the OWCP vacated its earlier benefits awards.

Yatsko and Moatz challenged the OWCP decision in the United States District Court for the Eastern District of Pennsylvania by filing motions for declaratory judgment and an injunction to prevent the agency from terminating their benefits. The District Court denied their motions.

II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. In reviewing the District Court, we review the agency record directly and apply the same standard of review as correctly applied by the District Court. *Anker Energy Corp. v.*

*Consolidation Coal Co.*, 177 F.3d 161, 169 (3d Cir.1999); *Fertilizer Inst. v. Browner*, 163 F.3d 774, 777 (3d Cir.1998). Accordingly, we review the OWCP's decision to terminate Yatsko and Moatz's benefits to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

### III.

Yatsko and Moatz argue that the OWCP's decision to terminate their ongoing EEOICPA benefits was arbitrary and capricious. They contend that the tort action of June 4, 2003 alleged only environmental exposure, not occupational, and thus did not constitute a "covered tort case" which would disqualify them from EEOICPA benefits under 42 U.S.C. § 7385d(c).

A covered tort case is one in which an employee seeks compensation for a covered illness—such as beryllium sensitivity and CBD—caused in whole or in part by exposure to beryllium incurred as a result of their work at a "beryllium vendor." 42 U.S.C. § 7384l (6)–(8), (15); 7385d. Section 7385d(c) provides that filing covered tort cases after 2001 will disqualify an otherwise eligible employee from receiving EEOICPA benefits unless that person dismisses the tort case on or before April 30, 2003 or 30 months after his initial diagnosis with a covered illness, whichever is later. *Id.*

It is undisputed that Yatsko and Moatz were plaintiffs in a suit filed on June 4, 2003, alleging illnesses from beryllium exposure arising from the Reading Plant and that neither party dismissed the complaint within the mandated timeframe for covered tort claims. It is also undisputed that a party may bring a tort suit alleging environmental and non-occupational exposure and still maintain their EEOI CPA benefits under Part B. (*See* Depenbrock Memorandum, App. at 204–08.) However, while a party may file a claim, even against his employer, for environmental exposure to beryllium, any claims of occupational exposure would render the action a covered tort case under EEOICPA. (*Id.* at 206, 208.)

Yatsko and Moatz contend that the OWCP arbitrarily mischaracterized their complaint as containing claims of both environmental and occupational exposure. But this appears to be the only reasonable interpretation of their suit. The complaint clearly includes claims of occupational exposure, stating that their illnesses were "the direct and proximate result of the aforesaid acts and omissions of [the defendants], the air at plaintiffs' residences and *places of employment, including those employed at the Reading Plant itself*" (*id.* at 457 (emphasis added); *see also id.* at 466, 469) and alleging "occupational and non-occupational exposure resulting in [beryllium sensitivity/CBD]." (*Id.* at 458, 462.) We conclude that the OWCP did not arbitrarily mischaracterize Yatsko and Moatz's complaint.

Yatsko and Moatz further argue that the OWCP improperly disregarded subsequent pleadings made by the appellants. However, the subsequent measures taken to alter the pleadings after the deadline had passed are irrelevant, as the claims asserting occupational injury existed at the time of the statutory deadline. The wording of statute is clear that one is disqualified from benefits under EEOICPA unless "such individual dismisses such tort case on or before the last permissible date." 42 U.S.C. § 7385d(c). The covered tort case must cease to exist by the specified date, and it is of no issue how a complaint is subsequently modified. (*See* Depenbrock Memorandum, App. at 206–08.)

Lastly, Yatsko and Moatz argue that their complaint did not contain occupational elements because Pennsylvania state law prohibited them from doing so. *See* 77 P.S. § 481(a). Yatsko and Moatz claim that this means that the June 4th suit did not cover occupational harm. We are not persuaded. Their suit clearly alleged occupational harms.

### IV.

For the foregoing reasons, we will affirm the order of the District Court.